ute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2985 | **DATE** | 2/2/2004 |
| **CASE TITLE** | Hickman vs. U.S. Postal Service | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion to dismiss complaint for lack of jurisdiction. This action is therefore dismissed. Any pending motion in this case is terminated as moot. Pretrial conference set for 4/30/04 and trial set for 5/17/04 are also vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 03 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/2/2004 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAUREL SUE HICKMAN, )
)
Plaintiff, )
)
v. ) No. 03 C 2985
)
UNITED STATES POSTAL SERVICE, )
)
Defendants. )
)

## MEMORANDUM OPINION AND ORDER

Plaintiff Laurel Sue Hickman, a former Postal Inspector, was discharged from that position following an administrative hearing by defendant United States Postal Service ("USPS"). Ms. Hickman appeals that decision, claiming that her discharge was in violation of 39 U.S.C. §§ 1001(b) and 1003(c). The USPS moves to dismiss Ms. Hickman's claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. I grant that motion.

Chapter 75 of the Civil Service Reform Act ("CSRA"), 5 U.S.C. §§ 7501-7543, establishes a review process for adverse personnel actions against federal agency employees. This process applies to "officers and employees of the Postal Service." 39 U.S.C. § 1005(a)(1). However, not all federal employees are entitled to judicial review of personnel decisions. *See, e.g., Yokum v. United States Postal Serv.*, 877 F.2d 276, 278 (4th Cir. 1989). To be eligible for judicial review, the postal employee must be "a preference-eligible employee, a management or supervisory employee,

or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity." *Nigg v. Merit Systems Protection Bd.*, 321 F.3d 1381, 1383 (Fed. Cir. 2003). "Preference-eligible" refers to veterans of the armed services and, in certain circumstances, their close relatives. 5 U.S.C. § 2108(3). If the employee is eligible, the review consists of an appeal to the Merit Systems Protection Board, followed by an appeal to the United States Court of Appeals for the Federal Circuit. 5 U.S.C. §§ 7513(d), 7703(a)(1), 7703(b)(1).

Ms. Hickman concedes that she falls into none of the categories of employees eligible for judicial review: she is not preference-eligible, did not hold a management or supervisory position, and was not engaged in personnel work. Ms. Hickman instead argues that as a Postal Inspector, she is entitled to the same review as other federal agents. The Postal Reform Act was amended in 1996 to provide that "[c]ompensation and benefits for all Postal Inspectors shall be maintained on a standard of comparability to the compensation and benefits paid for comparable levels of work in the executive branch of the Government outside the Postal Service." 29 U.S.C. § 1003(c). Ms. Hickman argues that the comparable benefits extends to the right to judicial review of personnel decisions. However, the Federal Circuit, which properly handles appeals for eligible employees, has already held that the language of § 1003(c) is limited to compensation and benefits only,

and does not extend to "all of the same legal remedies and appeal rights enjoyed by other executive branch employees." *Nigg*, 321 F.3d at 1384.[1]

Ms. Hickman further argues that she is entitled to judicial review because the administrative review provided by the USPS is unconstitutional, as it does not provide meaningful review of her dismissal. She claims that the hearing provided to her was merely a pretext, as the final decision to uphold her dismissal was made by one person, the Chief Postal Inspector. However, the procedures set in place by the USPS have been repeatedly upheld against due process claims such as Ms. Hickman's. *See, e.g., Yokum*, 877 F.2d at 281 n.5; *Alsbury v. United States Postal Service*, 530 F.2d 852, 854-55 (9th Cir. 1976).

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: February 2, 2004

---

[1] Even were Ms. Hickman an eligible employee, her claim would properly be made to the Merit Systems Protection Board, not this court.